UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS COGDELL,

        Plaintiff,

v.                                                        Case No. 3:22-cv-1013-BJD-MCR

L.T. WILLIAMS and SGT. WEEN,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Carlos Cogdell, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff alleges his claim(s) arise(s) out of an "[e]xtraction team['s] use of force" on June 29, 2022, at Florida State Prison. Compl. at 5. He contends the incident caused injuries to his shoulder and face. *Id.* As relief, he asks the Court to "do what's right" and award him $40,000. *Id.*

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply

the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." *See id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. Plaintiff does not specify

what constitutional amendment or federal law the named Defendants allegedly violated. *See* Compl. at 3. He also does not allege the named Defendants were part of the extraction team. *See id.* at 5. However, assuming they were involved in the alleged use-of-force incident, Plaintiff's vague allegations do not satisfy the federal pleading standard. More than vague or conclusory allegations are required to state a cause of action under § 1983 because, "[e]ven under the so-called notice rules of pleading, a complaint must . . . [provide] sufficient detail . . . so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

On Plaintiff's allegations, the Court cannot discern that "there is some legal basis for recovery" against the named Defendants.[1] Not only does Plaintiff not explain how each named Defendant may have been involved in the cell extraction, but, as the Court previously explained, the authorization of an extraction team necessarily suggests some amount of force was deemed necessary. *See* Order (Doc. 10), Case No. 3:21-cv-960-BJD-PDB (citing Fla.

---

[1] Plaintiff lodged similarly vague allegations against officers in a complaint he filed in this Court in 2021. *See* Case No. 3:21-cv-960-BJD-PDB. The Court dismissed his complaint under the PLRA for his failure to state a claim. *See* Order (Doc. 10), Case No. 3:21-cv-960-BJD-PDB.

3

Admin. Code r. 33-602.210(1)(s), (2)(a), (4)(c)3.). Plaintiff's vague, unsupported assertion that a cell extraction team caused him unexplained injuries does not permit the inference the extraction team used more force than was necessary under the circumstances. *See Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) ("Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." (quoting with alteration *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of October 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Carlos Cogdell

4